UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MUKHTAR AL-BAKRI, | ) | CASE NO.  4:05 CV 0683 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN T.R. SNIEZEK, | ) | AND ORDER |
| | ) | |
| | ) | |
| Respondent. | ) | |

On March 8, 2005, pro se petitioner Mukhtar Al-Bakri filed the above-captioned petition against Warden T.R. Sniezek at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton) pursuant to 28 U.S.C. § 2241.  Mr. Al-Bakri, who is presently confined in FCI Elkton, states that his constitutional rights are being violated by a Special Administrative Regulation (SAR) that requires all of his correspondence, telephone conversations and contact with other individuals to be in the English language.

**Background**

Mr. Al-Bakri states that he was convicted and sentenced in the United States District Court for the Western District of New York.  While serving his sentence in FCI Elkton, Mr. Al-Bakri was disciplined after the Warden claimed that he verbally ordered petitioner to restrict his "utilization of inmate telephone systems from the use of any language except English."  (Pet. at 5.)  During a disciplinary hearing on the charges, he claims "[t]he purported order was referenced only but was never produced during the hearing or during the appeals of

the petitioner which followed a finding of guilt." (Pet. at 5.)

In his habeas petition before this court, Mr. Al-Bakri raises three grounds for relief: (1) the prison's restriction on correspondence, telephone conversations and contacts to English, only, is unconstitutional, (2) FCI Elkton disciplined him for an infraction for which he never was provided written notice, (3) the imposition of this restriction was illegal because the warden failed to follow regulations, never made the necessary findings and is premised on racial, religious and other impermissible factors.

Mr. Al-Bakri asserts that the warden and his staff have engaged in prohibited acts without complying with their own regulations "and in a timely manner after due notice to the inmate."[1]  (Pet. at 5.)  He claims he has been disciplined even though there is a reasonable basis to believe that the discipline is not appropriate because of "administrative omissions of the staff at the institution."[2] (Pet. at 5.)   Also, he complains that the discrimination issue has never been addressed by respondent.  Because of these facts and his "due process rights," Mr. Al-Bakri asserts that he is entitled to have the disciplinary findings invalidated and his disciplinary misconduct records expunged.

## 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C.  § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925

---

[1]     Mr. Al-Bakri does not explain what regulation or regulations the respondent has failed to comply with.

[2]     He does not reveal what type of discipline the prison imposed.

2

F.2d 889, 893 (6th Cir. 1991)); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir.1977). By his own admission, Mr. Al-Bakri does not seek to challenge the execution or manner in which his sentence is being served, but the conditions of his confinement. Instead of addressing the type of punishment he received, his petition focuses on his assertions that he was unfairly disciplined, without due process, based on a regulation that violates his constitutional rights.

A federal district court may entertain a petition for a writ of habeas corpus on the ground that the custody violates the Constitution or laws of the United States. <u>See</u> 28 U.S.C. § 2241. When a prisoner seeks relief other than release based on the conditions of his confinement, however, the appropriate vehicle would be a complaint under 42 U.S.C. § 1983.[3] Here, Mr. Al-Bakri is essentially arguing that he is being unfairly disciplined without due process, based on a regulation that violates his constitutional rights. By his own admission, he is not seeking to challenge the execution or manner in which his sentence is being served, but the conditions of his confinement. These types of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. <u>See</u> <u>Cohen v. United States</u>, 593 F.2d 766, 770-71 (6th Cir.1979); <u>see</u> <u>also</u> <u>Velasco v. Lamanna</u>, No. 00-4139, 16 Fed.Appx. 311, 314 (6th Cir. June 20, 2001)(" a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of ... confinement");

---

[3] In order to file a 42 U.S.C. § 1983 action, petitioner would be required to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the $250 filing fee. <u>See</u> 28 U.S.C. § 1915; <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

3

Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at * 2 (6th Cir. Mar. 25, 1999)(conditions of confinement claim not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement). Thus, a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of his confinement in this context.

It should be noted that if Mr. Al-Bakri chooses to file a civil rights complaint in the future, his blanket statement that he has exhausted his administrative remedies will not suffice.  To establish that he exhausted his remedies prior to filing a § 1983 suit Mr. Al-Bakri must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.  Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  Moreover, he must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 2253.

IT IS SO ORDERED.


/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

4